IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-01271-PSF

JAMES T. POWELL,

    Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

    Defendant.

## ORDER ON MOTION FOR ATTORNEY FEES

This matter is before the Court on Plaintiff's Motion for Attorney Fees (Dkt. # 27), filed July 10, 2006.  The motion is fully briefed and ripe for determination.

Plaintiff James T. Powell originally brought suit in this Court in July 2005, appealing from the Defendant Commissioner of Social Security's denial of benefits. This Court entered an Order on April 20, 2006 (Dkt. # 23), remanding the case to the Commissioner for a proper residual functional capacity ("RFC") determination and for consideration of the proper use of an examining physician's testimony.  Mr. Powell now seeks attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  Specifically, he requests an award of $5,591.17 for 33.5 hours of work at $158.39 per hour.  See Pl.'s Mot. for Fees at 1.

EAJA provides for an award of attorney's fees to a prevailing party, other than the United States, in a civil action brought by or against the United States.  28 U.S.C. § 2412(d)(1)(A).  An award of fees, however, is not automatic, and is not available where

the government's position is substantially justified or if special circumstances make the award unjust. *Id.*; *McGraw v. Barnhart*, 450 F.3d 493, 497 (10th Cir. 2003). Here, the Commissioner apparently concedes that Mr. Powell meets the other requirements for an award of fees, but opposes the award on the basis that the Commissioner's position was substantially justified. *See* Def.'s Resp. at 1, 7.

The test for substantial justification is reasonableness in law and in fact. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). To meet the *Pierce* reasonableness test, the government must show three things: (1) a reasonable basis for the facts asserted; (2) a reasonable basis in law for the legal theory proposed; and (3) support for the legal theory by the facts alleged. *Harris v. R.R. Ret. Bd.*, 990 F.2d 519, 520-21 (10th Cir. 1993).

Here, the Court remanded to the Commissioner because "the ALJ did not make the required function-by-function determination before deeming plaintiff able to complete light work." Order at 9. The Commissioner contends that it meets the *Pierce* reasonableness test because the ALJ instead determined that Mr. Powell had the RFC for a full range of light work, and thus "assumed he was capable of performing substantially all of the exertional and nonexertional functions required in work at that level." *See* Def.'s Resp. at 4-6. However, pursuant to SSR 96-8p, an ALJ "must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis . . . . Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." This regulation is clear and unambiguous, and has been used as a

basis for remand in this Circuit.  *See Baker v. Barnhart*, 84 Fed. Appx. 10, 13 (10th Cir. 2003) (requiring ALJ to identify abilities on a function-by-function basis); *Hodgson v. Apfel*, 172 F.3d 62, *4 (10th Cir., Feb. 3, 1999) (Table) (remanding where ALJ failed to make function-by-function analysis, reasoning that without the required underlying findings, no meaningful evaluation of the ALJ's decision could take place).  Adherence to SSR 96-8p is especially important in this situation, where it appears the ALJ used functional capacity evaluations that preceded a change in Mr. Powell's condition.  *See* Order at 10.

      Defendant has not meet its burden of showing substantial justification.  Rather, its argument that the ALJ's finding that Mr. Powell was capable of performing light work, and thus assumed he could perform all the required functions, is directly contrary to its own ruling in SSR 96-8p, *supra*.  An unpublished Tenth Circuit case denying fees is distinguishable.  In *Fleming v. Barnhart*, 2006 WL 2567833 at *1 (10th Cir., Sept. 7, 2006), the ALJ failed to assess properly a claimant's RFC.  However, in that case, the Commissioner conceded the error and argued that it was harmless.  *Id.* at *2.  The Tenth Circuit upheld the denial of fees under EAJA because it was not unreasonable to argue harmless error to support the ALJ's decision.  *Id.*  Here, in contrast, the government did not acknowledge the error of the ALJ and rather argued that no error occurred.  *See* Def.'s Resp. Br. at 16-17 (Dkt. # 14).  The Commissioner does not provide a reasonable basis in law for the theory advanced.  Attorney's fees under EAJA, therefore, are appropriate.

The Commissioner has raised no issue as to the amount of fees sought by Mr. Powell.  The Court has independently reviewed the fee request.  Given that the issue over which plaintiff was successful in this appeal is only one of five asserted (although other issues advanced in this appeal may prove successful on remand), and given careful attention to the work asserted with each argument raised, the Court awards attorney's fees in the amount of $3,500.

For the foregoing reasons, the Court GRANTS plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (Dkt. # 27).  Plaintiff is awarded $3,500 in fees.

DATED: November 3, 2006

BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge